**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| KRISTYN PLUMMER, on behalf of herself and all others similarly situated, | ) ) ) ) | Cause No.   1:17-cv-2177 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| NICOR ENERGY SERVICES COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT NICOR ENERGY SERVICES COMPANY'S NOTICE OF**
**REMOVAL**

Defendant Nicor Energy Services Company ("NES") removes this purported class action from the Marion County Superior Court to the United States District Court for the Southern District of Indiana. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this case may properly be removed to this Court:

1.     Plaintiff Kristyn Plummer first filed this case on May 23, 2017 in the Marion County Superior Court, Civil Docket No. 48D10-1705-PL-020673. NES was served by U.S. Mail on May 25, 2017.

2.     Plaintiff asserts claims against NES under the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5, *et seq.*, the Indiana Telephone Solicitations Act, Ind. Code § 24-5-12, *et seq.*, and the Indiana Commercial

Solicitation Act, Ind. Code § 24-5-19, *et seq.* She also asserts a claim for unjust enrichment.

3.    Plaintiff alleges that NES charges individuals improper fees for NES's services and misrepresents the basis for those fees on the individuals' bills. *See* Compl. ¶ 39.

4.    Plaintiff alleges that in June 2016, she called Vectren to transfer her public utility service to her new residence. Compl. ¶ 30. She further alleges that when this phone call was completed, she was transferred to NES, at which point, "unbeknownst to [her] at the time," she signed up to receive a gas line "insurance" plan from NES. *Id.* ¶ 32. Plaintiff alleges that she was then billed for NES's service on her bills from Vectren Energy Delivery of Indiana ("Vectren") under the description "Non Vectren Energy Delivery Charges." *Id.* ¶ 34. Plaintiff alleges that she paid her bills for several months before noticing this additional charge. *Id.* Plaintiff alleges that when she was informed that this charge was for NES's gas line insurance in November 2016, she called NES and cancelled her service plan. *Id.* ¶¶ 35-36. She alleges that the "Non Vectren Energy Deliver Charges" continued to appear on her bill after November 2016. *Id.* ¶ 38.

5.    Plaintiff purports to bring this suit on behalf of "[a]ll persons in the State of Indiana who were billed for a 'Non Vectren Energy Delivery Charge' on their Vectren billing statement." Compl. ¶ 40. The Complaint states that "[t]his action is properly maintainable as a class action under Trial Rules 23(A) and

2

(B)(3)." *Id.* ¶ 41.  Plaintiff claims that "[t]he class consists of hundreds or more persons." *Id.* ¶ 42.

6.      On behalf of the purported class, Plaintiff seeks actual and statutory damages, restitution, and attorneys' fees.

7.      Based on the allegations of the Complaint, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because NES has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**I.    NES HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

8.      NES was served with the Complaint by U.S. Mail on May 25, 2017. *See* Ex. A, Affidavit of Certified Mail Service, attached as part of Composite Exhibit A (complete copy of documents filed and served before removal).  The time for NES to answer, move, or otherwise plead with respect to the Complaint has not yet expired.  *See* Ex. A (Notice of Automatic Enlargement).  This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days after NES was served with "the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 344, 347-48 (1999).

9.      At the same time Plaintiff filed the Complaint, she filed a Motion for Class Certification and she also served NES with discovery requests.  *See* Ex. A (Motion for Class Certification) and Ex. B (Discovery to Defendant).  The time for NES to respond to the discovery requests and the motion for class certification has

not yet expired. *See* Ex. A (Order Granting Motion for Extension of Time to Respond to Motion for Class Certification).

10.     NES has not filed a responsive pleading.  NES hereby reserves all rights to assert any and all defenses.  NES further reserves the right to amend or supplement this Notice of Removal.

11.     NES is removing the case to the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in the Marion County Superior Court, a state court located within the Southern District of Indiana.  This Court, therefore, is in the "district and division embracing the place where [the] action is pending."  *See* 28 U.S.C. § 1441(a).

12.     Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served" on NES is attached as Composite Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Marion County Superior Court.

## II.     REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).

13.     The Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

14.     As set forth below, this is a putative class action in which: (1) there are 100 or more members of the alleged class; (2) NES is a citizen of a state different than at least one member of the proposed class; and (3) based on the allegations in

the Complaint, the putative class members' claim put in controversy over $5 million, exclusive of interest and costs. Accordingly, this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(d), and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A.    The Purported Class Consists of More Than 100 Members.

15.    Plaintiff filed this case on behalf of "[a]ll persons in the State of Indiana who were billed for a 'Non Vectren Energy Delivery Charge' on their Vectren billing statement." Compl. ¶ 40. Plaintiff claims that "[t]he class consists of hundreds or more persons." *Id.* ¶ 42. Thus, Plaintiff contends that the aggregate number of alleged class members is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

16.    NES's internal data confirms that the purported class includes more than 100 members. According to Plaintiff, the "relevant time period" implicated by her claims is the period beginning six years before the filing of the Complaint. Ex. B, Definition C, Pl.'s First Set of Interrogatories & First Set of Requests for Production of Documents. NES's records indicate that between June 1, 2011 and June 7, 2017, 220,446 customers in Indiana enrolled in a service offered by NES that would have been billed under the "Non Vectren Energy Delivery Charge" on the customers' Vectren bill. Ex. C, Declaration of Pamela Watkins ("Decl.") ¶ 3 Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

### B.    Minimal Diversity Exists.

17.    Under CAFA, only minimal diversity is required to confer original federal jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have

5

original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . *any member of a class of plaintiffs is a citizen of a State different from any defendant*[.]") (emphasis added).

18.    This element is satisfied.

19.    NES is, and was at the time it received the Complaint, a corporation duly organized and validly existing under the laws of the State of Delaware, with its principal place of business in Illinois.  Compl. ¶ 3; Decl. ¶ 2.  NES, therefore, is a citizen of Delaware and Illinois.

20.    Plaintiff alleges that she is a citizen of Indiana. Compl. ¶ 1. Accordingly, on information and belief, Plaintiff is a citizen of Indiana.

21.    Moreover, Plaintiff filed this case on behalf of "[a]ll persons in the State of Indiana who were billed for a 'Non Vectren Energy Delivery Charge' on their Vectren billing statement."  Compl. ¶ 40.  Accordingly, on information and belief, many (if not most) of the purported class members are citizens of Indiana.

22.    Because at least one member of the putative class is diverse from NES, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

## C.    The Amount-in-Controversy Exceeds $5 Million.

23.    Under CAFA, federal district courts have original jurisdiction where, among other things, the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *See* 28 U.S.C. § 1332(d)(2).

24.     Plaintiff alleges that NES "deceive[s] customers into purchasing [a] worthless . . . repair plan" that customers "wouldn't knowingly buy."  Compl. ¶ 10. Plaintiff further alleges that she "paid [NES] for 'Non Vectren Energy Delivery Charges' because she was deceived by [NES] to believe that she was paying Vectren utility charges."  *Id.* ¶ 39.  Plaintiff seeks to recover, on behalf of herself and each purported class member, the greater of actual damages incurred, tripled, or $1000. *Id.* ¶ 58.

25.     According to NES's records, between June 1, 2011 and June 7, 2017, customers in Indiana paid $38,269,013.87 for services offered by NES that were billed on the customers' Vectren bills. Ex. C, Decl. ¶ 4.

26.     This amount alone demonstrates that the amount in controversy exceeds the $5 million threshold for subject matter jurisdiction under CAFA.  NES has thus provided a good-faith plausible allegation that the amount in controversy requirement for CAFA is satisfied.  *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."); *Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S. Ct. 547 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

## III.    CONCLUSION

27.     For these reasons, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

WHEREFORE, NES removes this action from the Marion County Superior Court to the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453(b).


Respectfully submitted,


 s/ *Kenneth J. Munson*
Wayne C. Turner
Kenneth J. Munson
Hoover Hull Turner, LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN  46244-0989
Telephone:  (317) 822-4400
Email:  wturner@hooverhullturner.com
          kmunson@hooverhullturner.com

*Pro hac vice* motions forthcoming:

David L. Balser
Zachary A. McEntyre
Danielle Chattin
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA  30309
Telephone: (404) 572-4600
Email:  DBalser@kslaw.com
          ZMcEntyre@kslaw.com
          DChattin@kslaw.com

Attorneys    for    Defendant    Nicor    Energy
Services Company

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2017, the foregoing document was filed electronically. Service of this filing will be made on all ECR-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

I further certify that on the 23rd day of June, 2017, a copy of the foregoing document was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Irwin B. Levin
Richard E. Shevitz
Vess A. Miller
Lynn A. Toops
Cohen & Malad, LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204

s/ *Kenneth J. Munson*
An Attorney for Nicor Energy Services Company

9