UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KRISTYN PLUMMER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NICOR ENERGY SERVICES COMPANY,<br><br>Defendant. | ) | No. 1:17-cv-02177-WTL-MPB |
| DONALD PYLES, SUSAN SCHROEDER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NICOR ENERGY SERVICES COMPANY,<br><br>Defendant. | ) | No. 1:18-cv-02840-WTL-MPB |

# PRELIMINARY APPROVAL ORDER

WHEREAS, the Court has been advised that the Parties to these Actions, through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the claims raised in the above-captioned lawsuits (the "Actions"). The Parties have agreed to resolve the Actions upon the terms and conditions set forth in the Settlement Agreement. The

Settlement Agreement has been filed with the Court and the definitions set forth in the Settlement Agreement are incorporated by reference herein.

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement is fair, reasonable, and adequate. A hearing will be held on December 4, 2018 at 2:00 P.M., after notice to the proposed Settlement Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in the Actions.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Actions and over the Parties.

2. **<u>Settlement Class:</u>** Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the matter is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Settlement Class:

> All persons who paid a charge for services provided by Defendant on their Vectren Energy Delivery utility bills during the respective Indiana and Ohio Class Periods.

The Indiana Class Period shall mean the period from June 1, 2011 through the date of this Preliminary Approval Order. The Ohio Class Period shall mean the period from January 1, 2012 through the date of this Preliminary Approval Order.

Members of the Settlement Class are hereafter referred to as "Settlement Class Members."

3. **Class Counsel Appointment:** Having considered the work that Class Counsel has done in investigating and prosecuting the potential claims in this action, counsel's experience in handling class actions and other complex litigation, counsel's experience in handling claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are preliminarily appointed as class counsel: Cohen & Malad, LLP and Branstetter, Stranch & Jennings, PLLC.

4. **Preliminary Certification of the Class** – The Court preliminarily finds that the Actions and the Settlement Class satisfy the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Namely, the Court preliminarily finds that:

a. The Settlement Class Members are so numerous that joinder of all of them in the lawsuit is impracticable;

b. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

c. The Named Plaintiffs' claims are typical of the claims of the Settlement Class;

d. The Named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

e. The Court finds that as to the Settlement Class, a class action is a superior method for the fair and efficient adjudication of this controversy.

5. **Class Action Administration:** Class Counsel will engage Kurtzman Carson Consultants LLC as the Settlement Administrator and Escrow Agent. The Settlement Administrator shall oversee the administration of the Settlement, the notification to the proposed Settlement Class as directed in the Settlement Agreement, and the administration of the Escrow Account. Notice and administration expenses shall be paid in accordance with Paragraphs 52-55 of the Settlement Agreement.

6. **Class Notice:** The Court approves the form and content of the Class Notice and the long form style class notice which the Settlement Administrator will publish on the website identified in the Class Notice attached as Exhibits 1 and 2 to this Order, respectively. The proposed notice constitutes the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The form and manner of notice proposed in the Settlement comply with Rules 23(c) and (e) and the requirements of Due Process. The plan for distribution of the notice by direct mail is designed for notice to reach a significant number of class members and is otherwise proper under applicable law.

Based on the foregoing, the Court hereby approves the plan for distributing notice developed by the Parties and directs that the plan be implemented according to the Settlement Agreement. The Court finds that the plan for distributing notice directs notice in a reasonable manner and satisfies due process.

7. **Exclusions from the Settlement Class:** All Settlement Class Members shall be given the opportunity to opt out of the Settlement Class by

mailing to the Settlement Administrator a written request for exclusion that is postmarked no later than 30 days after the date that the Notice has first been mailed. Members of the Settlement Class who do not timely and validly opt out of the Class in accordance with the Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

8. **Objections:** Any Settlement Class Member who has not previously opted-out in accordance with the terms of Paragraph 7 above shall be afforded an opportunity to object to the terms of the Settlement. Any objection must: (i) contain the full name and address of the person objecting; (ii) contain the title of the Actions: *Plummer v. Nicor Energy Services Company*, No. 1:17-cv-02177-WTL-MPB and *Pyles v. Nicor Energy Services Company*, No. 1:18-cv-02840-WTL-MPB (iii) state the reasons for the Class Member's objection; (iv) be accompanied by any evidence, briefs, motions, or other materials the Class Member intends to offer in support of the objection; (v) be signed by the Class member; and (vi) be sent by U.S. mail, first class and postage prepaid, with a postmark no later than thirty (30) days after the date that mailed Notice is first issued (the "Objection Deadline") to the Clerk of the Court.

Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. Settlement Class Members who file exclusions, if applicable, may not object to the Settlement.

9. **Final Approval:** The Court shall conduct a Final Approval Hearing on December 4, 2018 at the Birch Bayh Federal Building and U.S. Courthouse

46 East Ohio Street, Indianapolis, IN 46204, commencing at 2:00 P.M. in Room 202, to review and rule upon the following issues:

a. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

b. Whether the Final Approval Order should be entered, dismissing the Actions with prejudice and releasing the Released Claims against the Released Parties; and

c. To discuss and review other issues as the Court deems appropriate.

10. Settlement Class Members need not appear at the Final Approval Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard regarding their objection are, however, required to indicate in their written objection whether or not they intend to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

11. An application or applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel, as well as applications for class representative service awards, shall be made in accordance with Paragraphs 59-61 of the Settlement Agreement and shall be filed with the Court no later than sixty (60) days after Notice is first mailed.

12. All proceedings in these Actions are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

13. **Compliance with Class Action Fairness Act**: Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Defendant prepared and provided to the appropriate officials any notices required by CAFA, as specified by 28 U.S.C. § 1715, within ten (10) calendar days of the filing of the Settlement Agreement.

14. If the Settlement Agreement and/or this Order are voided per Paragraph 69-70 of the Settlement Agreement:

a. The Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Actions or in any other proceeding.

b. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record;

c. The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and

d. The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

15. The Court retains continuing and exclusive jurisdiction over the Actions to consider all further matters arising out of or connected with the

Settlement, including the administration and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Dated: 10/10/18

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

You may be a member of the settlement class in the above-captioned lawsuits, in which the plaintiffs allege that defendant Pivotal Home Solutions Co. f/k/a Nicor Energy Services Company is liable for violating statutory and common laws in connection with the sale and marketing of its repair and maintenance plans. If you are a Settlement Class Member and if the Settlement is approved, you may be entitled to receive a cash payment from the $12,000,000 fund established by the settlement.

The Court has preliminarily approved this settlement. It will hold a Final Approval Hearing in this case on [PARTIES TO INSERT DATE], 2018. At that hearing, the Court will consider whether to grant final approval to the settlement, and whether to approve payment from the Settlement Fund of costs of notice and settlement administration, up to $2,500 each in service awards to the three named plaintiffs, and up to one-third of the then-remaining Settlement Fund as attorneys' fees. If the Court grants final approval of the settlement and you do not request to be excluded from the settlement, you will release your right to bring any claim covered by the settlement. In exchange, Defendant has agreed to issue a cash payment to you, as applicable.

**To obtain a more complete class notice and other important documents please visit [PARTIES TO PROVIDE WEBSITE ADDRESS]. Alternatively, you may call [PARTIES TO PROVIDE NUMBER].**

*If you do not want to participate in this settlement—you do not want to receive a cash payment, as applicable, and you do not want to be bound by any judgment entered in this case—you may exclude yourself by submitting an opt-out form postmarked no later than[PARTIES TO INSERT DATE]. You may learn more about the opt-out form by visiting [PARTIES TO PROVIDE WEBSITE ADDRESS] or by calling [PARTIES TO PROVIDE NUMBER].*

***A COURT ORDERED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KRISTYN PLUMMER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NICOR ENERGY SERVICES COMPANY,<br><br>Defendant. | ) | No. 1:17-cv-02177-WTL-MPB |

| | | |
|---|---|---|
| DONALD PYLES, SUSAN SCHROEDER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NICOR ENERGY SERVICES COMPANY,<br><br>Defendant. | ) | No. 1:18-cv-02840-WTL-MPB |

**<u>NOTICE OF CLASS ACTION SETTLEMENT</u>**

Kristyn Plummer, Donald Pyles, and Susan Schroeder ("Named Plaintiffs") have sued Nicor Energy Services Company ("Defendant"), asserting statutory and common law claims in connection with the sale and marketing of its repair and maintenance plans.

The Defendant denies all of these claims and contends that it acted lawfully and that it did not violate any applicable laws. The Court has not yet ruled in favor of either side. Nevertheless, the parties have reached a settlement that affects your legal rights.

A settlement has been proposed on behalf of all persons who paid a charge for services provided by the Defendant on their Vectren Energy Delivery ("Vectren") utility bills from June 1, 2011, through [PARTIES WILL INSERT DATE OF PRELIMINARY APPROVAL ORDER] (for persons residing in Indiana) or from January 1, 2012, through [PARTIES WILL INSERT DATE OF PRELIMINARY APPROVAL ORDER] (for persons residing in Ohio).

Your legal rights will be affected by the settlement of this lawsuit. Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including excluding yourself from the settlement, or objecting to the settlement.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the Settlement and you are a member of the Settlement Class, you will participate in the Settlement of the Actions described in this Notice. |
| **IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT** | You can exclude yourself from the settlement completely ("opt out"). You can opt out of the Settlement altogether by submitting an opt-out form, following the instructionsin Question #9, below. You must submit the opt out by [PARTIES TO INSERT DATE]. You will not receive the benefits of the Settlement. You will not have any right to object, but you also will not be bound by the terms of the settlement. You will also have the right to sue the Defendant relating to the matters alleged in the Actions (defined below). |

## 1. WHY DID I RECEIVE THIS NOTICE?

A Court authorized the notice because you have a right to know about a proposed settlement of these class action lawsuits and all of your options before the Court decides whether to give final approval to the settlement. This Notice explains your legal rights. The cases are pending in the United States District Court for the Southern District of Indiana and are known as *Plummer v. Nicor Energy Services Company*, No. 1:17-cv-02177-WTL-MPB and *Pyles et al. v. Nicor Energy Services Company*, No. 1:18-cv-02840-WTL-MPB. Together these cases are referred to as "the Actions" in this Notice.

## 2. WHAT IS THIS LAWSUIT ABOUT?

The Named Plaintiffs enrolled in service plans offered by the Defendant, Pivotal Home Solutions Co. f/k/a Nicor Energy Services Company. The Named Plaintiffs claim that the Defendant is liable to Settlement Class Members under statutory and common law claims and that the Defendant was unjustly enriched in connection with its sale and marketing of Pivotal Home Solutions plans to customers in Indiana and Ohio.

The Defendant denies all claims and allegations of wrongdoing asserted in the Actions and contends that it acted lawfully and that it did not violate any applicable law. Notwithstanding the denial of liability and alleged unlawful conduct, the Defendant has decided it is in its best interest to settle the Actions to avoid the burden, expense, risk, and uncertainty of continuing the litigation.

## 3. HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

You are affected by the settlement because the Defendant's records indicate that you paid a charge that appeared on your Vectren utility bill for services provided by the Defendant between June 1, 2011, and [PARTIES WILL INSERT DATE OF PRELIMINARY APPROVAL ORDER] (if you are an Indiana resident), or between January 1, 2012, and [PARTIES WILL INSERT DATE OF PRELIMINARY APPROVAL ORDER] (if you are an Ohio resident).

If you fall within the Settlement Class definition, you will be a Settlement Class Member unless you exclude yourself.

## 4. WHAT DOES THE SETTLEMENT PROVIDE?

If the Court approves the Settlement and you are a Settlement Class Member, you will receive a cash payment for an amount proportionate to the amount you paid the Defendant.

## 5. HOW DO I OBTAIN THE SETTLEMENT BENEFITS?

You do not need to submit a proof of claim form to obtain the settlement benefits.

## 6. WHEN WILL I RECEIVE THE SETTLEMENT BENEFITS?

Settlement benefits will be received after the Settlement is finally approved by the Court and all appeals and other reviews have been exhausted.

## 7. WHAT HAPPENS IF I DO NOTHING?

If you do nothing, you remain in the Settlement Class as applicable and will be bound by all of the terms of the Settlement, including the release provisions of the Settlement, which prevent you from bringing a claim against the Defendant with respect to the matters alleged in the Actions. If you are a member of the Settlement

Class, you do not need to submit a proof of claim form to obtain the Settlement benefits.

## 8. WHAT AM I GIVING UP TO GET A BENEFIT OR STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself, you are staying in the Settlement Class, which means that you cannot bring a legal action against the Defendant (or the other Released Parties) asserting the legal claims that were raised in the Actions or any legal claims that could have been brought in the Actions. It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself from the Settlement Class, you will agree to a "Release of Claims," stated below, which describes exactly the legal claims that you give up if you get settlement benefits.

The Release contained in the Settlement Agreement states:

> Each Class Member releases the Released Claims against Defendant and any former, current, and future parents, subsidiaries, affiliates, officers, directors, employees, agents or attorneys of Defendant, including (but not limited to) (i) American Water Enterprises and any former, current, and future subsidiaries, affiliates, officers, directors, employees agents or attorneys of American Water Enterprises, (ii) The Southern Company and any former, current, and future subsidiaries, affiliates, officers, directors, employees agents or attorneys of The Southern Company, and (iii) Vectren Corporation and any former, current, and future subsidiaries, affiliates, officers, directors, employees, agents or attorneys of Vectren Corporation (collectively, the "Released Parties").

The "Released Claims" are as follows:

> All claims of any kind or nature that have been or could have been asserted in the Actions by the Named Plaintiffs based on the allegations in the respective Class Action Complaints.

## 9. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you do not want a benefit from this settlement, but you want to maintain all of your rights to sue or continue to sue the Defendant about the legal issues in these Actions, you must take steps to exclude yourself from the Settlement Class. Excluding yourself from the Settlement Class is also referred to as "opting out." Opting out does not guarantee that your own lawsuit will be successful and you would have to retain your own attorney or proceed without an attorney.

To completely exclude yourself from the settlement, you must mail to the Settlement Administrator, at [PARTIES TO INSERT ADDRESS] a completed opt-

out form, which can be found on the Settlement website, [PARTIES TO INSERT SETTLEMENT WEBSITE ADDRESS], that is postmarked no later than [PARTIES TO INSERT DATE that is 30 days after the date of mailing of this Notice of Class Action Settlement].

REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE [PARTIES TO INSERT DATE] WILL NOT BE HONORED.

You cannot exclude yourself by phone or by email. You also cannot exclude yourself by mailing a request to any other location or after the deadline.

If you exclude yourself, you should promptly consult your own attorney about your rights, as the time to file an individual lawsuit is limited.

## 10. IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANT FOR THE SAME THING LATER?

No. Unless you exclude yourself, you will give up the right to sue the Defendant as described above. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You may need to exclude yourself from this class action in order to continue your own lawsuit. Remember, [PARTIES TO INSERT DATE] is the deadline by which your opt-out form must be postmarked.

You have the right to have the attorney of your choosing (but at your own expense) advise you whether you should submit an opt-out form.

## 11. DO I HAVE A LAWYER IN THIS CASE?

The Named Plaintiffs retained Cohen & Malad, LLP and Branstetter, Stranch & Jennings, PLLC to represent them. In connection with the preliminary approval of the settlement, the Court appointed these attorneys to represent you and other Settlement Class Members. Together, the lawyers are called Class Counsel. You will not be separately charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 12. HOW WILL THE LAWYERS BE PAID?

The costs of this notice to you, the costs of administering the settlement, and any separate payment to the Named Plaintiffs will be paid from the Settlement Fund. Class Counsel will also ask the Court for an award of attorneys' fees of no more than 1/3 of the total then-remaining Settlement Fund. Any attorneys' fees will be paid from the Settlement Fund and must be approved by the Court.

## 13. IS THE CLASS REPRESENTATIVE ENTITLED TO A SEPARATE PAYMENT?

The Named Plaintiffs will ask the Court to approve a payment of an additional amount not to exceed $2,500 for each of the three Named Plaintiffs as a service award for their efforts and time expended in prosecuting the Actions. The Court may ultimately award less than this amount.

## 14. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

As a member of the Settlement Class, you may object to the settlement if you think any part of the settlement is not fair, reasonable, and/or adequate. You can and should explain the detailed reasons why you think the Court should not approve the settlement, if this is the case. The Court and Class Counsel will consider your views carefully. To object, you must file with the Clerk of the Court written objections postmarked no later than [PARTIES TO INSERT DATE], and the objection must: (i) contain your full name and address; (ii) contain the title of the Actions: *Plummer v. Nicor Energy Services Company,* No. 1:17-cv-02177-WTL-MPB, *Pyles et al. v. Nicor Energy Services Company*, No. 1:18-cv-02840-WTL-MPB, (iii) state the reasons for your objection; (iv) be accompanied by any evidence, briefs, motions, or other materials you intend to offer in support of the objection; (v) be signed by you; and (vi) be sent by U.S. mail, first class and postage prepaid, with a postmark no later than [PARTIES TO INSERT DATE] to: U.S. District Court Clerk's Office, Room 105, 46 East Ohio Street, Indianapolis, IN 46204

## 15. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object to this settlement because the case no longer affects you.

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you do not have to.

## 16. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?

The Court will hold a Final Approval Hearing on [PARTIES TO INSERT DATE] at the Birch Bayh Federal Building & U.S. Courthouse, 46 East Ohio Street, Indianapolis, IN 46204. You may attend, and you may ask to speak, but you do not have to. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them.

The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide the amount that Class Counsel and the Named Plaintiffs will be paid. After the hearing, the Court will decide whether to finally approve the settlement.

## DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the *Plummer v. Nicor Energy Services Company* and *Pyles et al. v. Nicor Energy Services Company* cases." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be sent to the Clerk of the Court at the address previously provided above and must be received by the Clerk of the Court by [PARTIES TO INSERT DATE]. You cannot speak at the hearing if you have excluded yourself.

## GETTING MORE INFORMATION

## ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This notice summarizes the proposed settlement. More details can be found on the settlement website at [PARTIES WILL INSERT ADDRESS] which includes the complaint, Settlement Agreement, and other important settlement documents.

## HOW DO I GET MORE INFORMATION?

You can visit the website at [PARTIES WILL INSERT ADDRESS]. If you have questions about the case, you can call toll free [PARTIES WILL INSERT NUMBER], or write to the Class Counsel, Lynn Toops, Cohen & Malad, LLP, One Indiana Square, Suite 1400, Indianapolis, IN 46204.

If you have questions about your Pivotal Home Solutions service plans unrelated to the Actions or the Settlement, call [PARTIES WILL INSERT NUMBER].

**PLEASE DO NOT CALL THE COURT, THE CLERK, THE DEFENDANT, OR THE DEFENDANT'S COUNSEL REGARDING THIS SETTLEMENT.**