**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **KRISTYN PLUMMER, on behalf of herself and all others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Cause No. 1:17-cv-2177-WTL-MPB** |
| **NICOR ENERGY SERVICES COMPANY,** | ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| **DONALD PYLES et al., on behalf of themselves and all others similarly situated,** | ) | **Cause No. 1:18-cv-2840-WTL-MPB** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **NICOR ENERGY SERVICES COMPANY,** | ) | |
| **Defendant.** | ) | |

**FINAL APPROVAL ORDER**

These cases are before the Court on the Plaintiffs' unopposed Motion for Final Approval of the Class Action Settlement (Dkt. No. 73 and Dkt. No. 29), which seeks final approval of the Settlement Agreement ("Agreement") entered into by and between Plaintiffs and Defendant in these cases.

On October 10, 2018, the Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the

"Preliminary Approval Order"). Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, the Court having considered all papers filed, having held a final Fairness Hearing, and otherwise being duly advised, and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. This Final Approval Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of these Actions and over all Parties to these Actions, including all members of the Settlement Class.

3. The Court finds that the Settlement of the Actions, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' claims and defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and, the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

4. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court hereby certifies the Settlement Class solely for purposes of effectuating this Settlement. The Settlement Class is defined as:

> All persons who paid a charge for services provided by Defendant on their Vectren Energy Delivery utility bills during the respective Indiana and Ohio Class Periods.

The Indiana Class Period shall mean the period from June 1, 2011, through October 10, 2018 (the date of the Preliminary Approval Order). The Ohio Class Period shall mean the period from January 1, 2012, through October 10, 2018 (the date of the Preliminary Approval Order).

5. Individuals within the Settlement Class had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedure, as identified by the listing of names of the Class Members who submitted valid requests for exclusion from the Class filed by Class Counsel (the "Opt-Outs"). *See* Dkt. No. 77 and Dkt. No. 33.

6. For purposes of this Settlement only, the Court finds and concludes that: (a) the Settlement Class members are so numerous that joinder of all individuals in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all individuals in the Settlement Class; (d) the Named Plaintiffs' claims are typical of the Settlement Class Members' claims; and (e) a class action is a superior method for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the lack of difficulties likely to be encountered in the management of this class action as part of a settlement.

7. Pursuant to the Court's Preliminary Approval Order, the approved Notice was sent to Settlement Class Members via direct mail. The form and method for notifying the class members of the Settlement and its terms and conditions were in conformity with the Court's Preliminary Approval Order, satisfied the requirements of Due Process, and constituted the best notice practicable under the circumstances. The Court further finds that the Notice plan was clearly designed to advise the Settlement Class members of their rights and clearly and concisely stated, in plain, easily understood language, all features of the Actions and Settlement.

8. The Court hereby dismisses with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided in the Agreement) the Actions.

9. The Released Parties include Defendant and its former, current, and future parents, subsidiaries, affiliates, officers, directors, employees, agents or attorneys, including (but not limited to) (i) American Water Enterprises and any former, current, and future subsidiaries, affiliates, officers, directors, employees, agents, or attorneys of American Water Enterprises, (ii) The Southern Company and any former, current, and future subsidiaries, affiliates, officers, directors, employees, agents, or attorneys of The Southern Company, and (iii) Vectren Corporation and any former, current, and future subsidiaries, affiliates, officers, directors, employees, agents, or attorneys of Vectren Corporation.

10. The Named Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and all persons acting for or on their behalf, shall be deemed to have fully, finally, and forever released the Released Parties from all Released Claims described in the Agreement.

11. If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made, and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

SO ORDERED: 12/5/18

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification